## Commonwealth v. Peel

*John F. Diggins*, for petitioners.

*William B. McClenachan, Jr.*, district attorney, for Commonwealth.

MacDade, J., November 26, 1937. — This is a case where the grand inquest, sitting in and for the County of Delaware, did, on Tuesday, September 21, 1937, ignore certain bills of indictment against Albert Peel, a resident of Clifton Heights, in which he was charged with assault and battery, aggravated assault and battery and assault and battery by automobile on the persons of Peter DeLalla, Sophie Triponi and Anthony Cellucci, and with failure to stop, etc., and placed the costs of prosecution, naming them as prosecutors, upon Benjamin Norwich and Victor Volpe, whereupon a petition was presented to this court for a rule to show cause why imposition of costs by the grand jury should not be set aside, which rule was allowed and made returnable on November 17, 1937, when testimony was taken in open court before Judges Fronefield and MacDade.

The testimony divulged that petitioners' names were not endorsed upon any of the indictments. Of course this is not necessary when a grand jury is looking behind the form of an indictment for the substance of a prosecution, which is their duty. It is evident the grand jury did not think that a prima facie case had been made out against defendant and that these petitioners had encouraged, abetted and instigated, by their words, comment, presence, influence, and membership in a labor organization, others to prosecute defendant upon baseless charges. What actually occurred before the grand jury as an inquisitorial body we are not privileged to inquire, under certain circumstances, or else their sessions would not be secret. But suffice it to say the costs were thus imposed.

In imposing costs the grand jury is not limited to the persons marked on the bills of indictment as prosecutors, but may find who are the actual prosecutors: Commonwealth v. Gilgallon, 1 Lack. L. N. 172; Sadler on Criminal Procedure (2d ed.), §698.

In any event we would not set aside a finding, such as in the instant case, until it clearly appears to be oppression. This we cannot find. The testimony amply supports the contention that these men were the real prosecutors: Guffy v. The Commonwealth, 2 Grant 66. An interesting discussion on costs may be found in Commonwealth v. Russo, 25 Del. Co. 281. See also Act of March 31, 1860, P. L. 427.

To remedy a disputed wrong, an admitted one is committed if we set aside these costs, which surely is not an advance in the administration of justice, for the result of setting aside the findings of the grand jury as to costs would occasion the loss of costs to the county. This court cannot put these costs on the county, and in that way relieve the petitioners who are found to be the real prosecutors in the instant cases: Commonwealth v. Showers, 7 Pa. C. C. 179.